# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 19, 2025

Lyle W. Cayce
Clerk

No. 24-10765
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DUSTIN DELAYNE REYNOLDS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:07-CR-12-1

Before KING, SOUTHWICK, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

Dustin Delayne Reynolds, federal prisoner # 36766-177, appeals the denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On appeal, Reynolds renews his argument that changes in the law under the First Step Act of 2018 constituted an extraordinary and compelling reason for a sentence reduction because, if he were sentenced

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

today, the Government would not have been able to threaten to file a 21 U.S.C. § 851(a)(1) information regarding the use of two prior felony drug convictions to trigger a mandatory life sentence. Reynolds also argues that (i) the 262-to-327-month guidelines range cited by the district court was incorrect; (ii) the district court incorrectly determined that his offense involved his intent to distribute large quantities of methamphetamine; and (iii) the major violent and weapons-related disciplinary infractions cited by the district court were due to his former prison facility's violent nature, and the district court erroneously determined that these prison infractions included killing, rather than attempted killing.

We review the denial for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Here, the district court conducted an independent review of the 18 U.S.C. § 3553(a) factors and determined that Reynolds was not entitled to relief, citing the seriousness of the offense, Reynolds's criminal history, and the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(B). Moreover, the record supports the district court's determinations that the offense involved large quantities of methamphetamine and that Reynolds committed "numerous and serious infractions" while in prison. Reynolds's disagreement with the district court's balancing of the § 3553(a) factors is insufficient to show an abuse of discretion. *See Chambliss*, 948 F.3d at 694.

Because the district court's independent consideration of the § 3553(a) factors provides a sufficient basis for affirmance, we need not consider Reynolds's arguments concerning extraordinary and compelling reasons or the applicable guidelines range. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022). The order of the district court is AFFIRMED.